UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**NEAL DIVINE a/k/a TERRY HORTON**              **CIVIL ACTION**

**versus**                                      **NO. 07-1413**

**WARDEN GARY COPES**                           **SECTION: "J" (3)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

On August 15, 1997, petitioner, Neal Divine a/k/a Terry Horton, was convicted of attempted second degree murder and armed robbery in violation of Louisiana law.[2] On May 19, 1999, the Louisiana Fifth Circuit Court of Appeal affirmed his convictions,[3] and the Louisiana Supreme Court denied his related writ application on February 4, 2000.[4] After unsuccessfully pursuing post-conviction relief in the state courts, petitioner challenged his convictions by filing a federal petition for *habeas corpus* relief. Finding that the state had withheld documents favorable to the defense in violation of Brady v. Maryland, 373 U.S. 83 (1963), this Court granted relief on August 7, 2003, and ordered that petitioner be retried or released from custody.[5]

The state elected to reprosecute petitioner, and, on January 31, 2005, he pled guilty to attempted second degree murder in violation of Louisiana law.[6] On that same date, he was sentenced to a term of twenty years imprisonment without benefit of parole, probation, or suspension of sentence.[7]

---

[2] State Rec., Vol. III of XIV, transcript of August 15, 1997, p. 309.

[3] State v. Divine, 738 So.2d 614 (La. App. 5th Cir. 1999) (No. 98-KA-812); State Rec., Vol. VIII of XIV.

[4] State v. Divine, 754 So.2d 222 (La. 2000) (No. 1999-KO-2393). The United States Supreme Court denied certiorari. Divine v. Louisiana, 530 U.S. 1219 (2000).

[5] Divine v. Cain, Civ. Action No. 02-2132 "J"(3) (E.D. La. Aug. 7, 2003).

[6] In exchange for petitioner's guilty plea, the state agreed to dismiss the armed robbery charge and not charge him as a habitual offender. See State Rec., Vol. XII of XIV, guilty plea form.

[7] State Rec., Vol. XII of XIV, minute entry dated January 31, 2005.

On February 2, 2006, petitioner filed with the state district court an application for post-conviction relief.[8] That application was denied on February 9, 2006.[9] He next filed with the Louisiana Fifth Circuit Court of Appeal a related writ application which was denied on March 7, 2006.[10] He then filed with the Louisiana Supreme Court related writ applications[11] which were denied on December 8, 2006.[12]

On December 14, 2006, petitioner filed this federal application for *habeas corpus* relief.[13] In support of his application, he argues that, because he was denied a fair opportunity to be acquitted at his first trial, the Double Jeopardy Clause barred his reprosecution on the same offense.[14] That claim was rejected by the state courts.[15]

---

[8] State Rec., Vol. XIV of XIV.

[9] State Rec., Vol. XIV of XIV, Order dated February 9, 2006.

[10] State v. Divine, No. 06–KH-144 (La. App. 5th Cir. Mar. 7, 2006) (unpublished); State Rec., Vol. VI of XIV.

[11] State Rec., Vol. VI of XIV.

[12] State *ex rel.* Divine v. State, 943 So.2d 1064 (La. 2006) (No. 2006-KH-1216); State *ex rel.* Divine v. State, 943 So.2d 1064 (La. 2006) (No. 2006-KH-1223); State Rec., Vol. XIV of XIV.

[13] Rec. Doc. 1. The petition was filed in the United States District Court for the Western District of Louisiana and subsequently transferred to this Court.

[14] The state concedes that petitioner's application is timely filed and that he exhausted his state court remedies. Rec. Doc. 11, p. 6.

[15] State Rec., Vol. XIV of XIV, Order dated February 9, 2006; State v. Divine, No. 06–KH-144 (La. App. 5th Cir. Mar. 7, 2006) (unpublished); State *ex rel.* Divine v. State, 943 So.2d 1064 (La. 2006) (No. 2006-KH-1216); State *ex rel.* Divine v. State, 943 So.2d 1064 (La. 2006) (No. 2006-KH-1223).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a federal *habeas* court defer to a state court decision rejecting a claim involving a question of law or a mixed question of law and fact unless the petitioner demonstrates that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, *as determined by the Supreme Court of the United States*." 28 U.S.C. § 2254(d)(1) (emphasis added); Nelson v. Quarterman, 472 F.3d 287, 292 (5th Cir. 2006), cert. denied, 127 S.Ct. 2974 (2007). It is clear that petitioner can make no such showing in the instant case. The jurisprudence of the United States Supreme Court simply does not support petitioner's contention that the Double Jeopardy Clause barred his reprosecution.

The Double Jeopardy Clause, made applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V; Benton v. Maryland, 395 U.S. 784, 794 (1969). However, the United States Supreme Court has made clear that the Double Jeopardy Clause generally "does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction." Lockhart v. Nelson, 488 U.S. 33, 38 (1988). The Supreme Court has further made clear that a new trial is the appropriate remedy when the prosecution has suppressed evidence favorable to the defense. See, e.g., Kyles v. Whitley, 514 U.S. 419, 422 (1995); Giglio v. United States, 405 U.S. 150, 155 (1972).

For the foregoing reasons, the Court finds that petitioner has failed to demonstrate that the state court's decision denying his claim was contrary to, or involved an unreasonable

application of, clearly established federal law, as determined by the Supreme Court of the United States. Accordingly, applying the AEDPA's deferential standard, this Court likewise rejects the claim.

### RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Neal Divine a/k/a Terry Horton be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this sixteenth day of August, 2007.

*Daniel E. Knowles, III*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**